UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cr-00035-JPH-TAB |
| DEVERE L. ABAIR, | ) -01 |
| Defendant. | ) ) |

**ORDER**

Devere Abair was sentenced in the Southern District of Illinois for Accessing Child Pornography with Intent to View and Failure to Register. Dkt. 1 at 1. His supervised release was transferred to this district in March 2024. Dkt. 2. In October 2024, Mr. Abair admitted eight supervised release violations, including Possession of a Dangerous Weapon, Noncompliance with Sex Offender Treatment, Possession of Unapproved Devices, Failure to Report Internet Accounts, and Leaving the Southern District of Indiana Without Permission. Dkt. 25 at 1. He was sentenced to twelve months' incarceration followed by ten years' supervised release. *Id.* at 2–3.

Mr. Abair has filed a motion to stay his probation for thirty days, dkt. 31, and a motion challenging most of his conditions of supervised release, dkt. 32. He argues that the challenged conditions are arbitrary, overbroad, too restrictive of his ability to work, or otherwise unconstitutional. *Id.*

The Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of

1

supervised release." 18 U.S.C. § 3583(e)(2). When assessing whether to do so, the Court must consider most of the same factors under 18 U.S.C. § 3553(a) that are considered in fashioning the original sentence. *Id.*; *United States v. Neal*, 810 F.3d 512, 516 (7th Cir. 2016) (Section 3583(e) incorporates "nearly all of the original sentencing goals, excepting only the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, and the directive to consider the 'kinds of sentences available.'").

At the outset, Mr. Abair argues that some of his conditions of supervised release lack sufficient evidence or adequate explanation, or are unrelated to his offense. *E.g.* dkt. 32 at 2, 4–5, 8, 12, 14, 16–18. These procedural challenges are waived. *United States v. St. Clair*, 926 F.3d 386, 388–39 (7th Cir. 2019). Procedural challenges "include arguments that the condition was not adequately explained or linked to the offense of conviction, or that evidence or other information presented at the original sentencing did not provide sufficient support." *Neal*, 810 F.3d at 520. Mr. Abair was informed of the supervised release conditions at his revocation hearing and waived having them read in open court. Dkt. 22; dkt. 23 at 8. The magistrate judge then included the conditions in his report and recommendation. Dkt. 23 at 5–8. Mr. Abair did not object to those conditions and waived any objection to the report and recommendation. *Id.* at 8. He therefore may not challenge the legality of the supervised release conditions on procedural grounds now. *St. Clair*, 926 F.3d at 388 ("St. Clair expressly acknowledged at the revocation hearing that he had

2

reviewed the conditions with his lawyer and that he did not object to any of them. That is quintessential waiver for supervised release conditions."); *Neal*, 810 F.3d at 520 ("To stay consistent with the statutory scheme for appeal of sentences, . . . procedural shortcomings must be raised at the first opportunity or not at all.").

Mr. Abair may nevertheless seek modification of his supervised release conditions under 18 U.S.C. § 3583(e)(2) on other grounds. *See Neal*, 810 F.3d at 516 ("[A]s a general proposition, a district court may modify conditions of supervised release at any time under 18 U.S.C. § 3583(e)(2)."). That provision "allow[s] a defendant to bring substantive challenges to the current legality of conditions of supervised release." *Id.* at 518.

**Condition 4: You shall not knowingly leave the judicial district without the permission of the court or probation officer.**

Mr. Abair argues that Condition 4 is an arbitrary occupational restriction. Dkt. 32 at 2.

Condition 4 "is an administrative requirement that can be imposed without explanation." *United States v. Warren*, 843 F.3d 275, 281 (7th Cir. 2016); *see* USSG § 5D1.3(b)(2)(C) (2025). Although not required to do so, the Court explained that Condition 4 is meant to ensure the community's safety and assist the probation officer in knowing Mr. Abair's whereabouts. Dkt. 23

3

at 6; 18 U.S.C. § 3553(a)(1), (a)(2)(C).  Mr. Abair's motion as to Condition 4 is denied.[1]

**Condition 6: You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of contact.**

Mr. Abair contends that Condition 6 is arbitrary because it "forc[es] him to know what conduct people are up to" and is not narrowly tailored.  Dkt. 32 at 3.  Condition 6 is based on a standard condition of supervised release.  USSG § 5D1.3(b)(2)(H).  Because the condition imposes a knowledge requirement on Mr. Abair, it is not too vague or broad.  *See United States v. Douglas*, 806 F.3d 979, 986–87 (7th Cir. 2015).  And it deters future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(B).

Mr. Abair also argues that this requirement prevents him from working at a felon-friendly job or attending religious services with "repentant felons."  Dkt. 32 at 3.  The condition, however, prevents Mr. Abair from interacting only with those who are "engaged, or planning to be engaged, in criminal activity."  Interactions with law-abiding citizens who have a prior felony conviction, by contrast, are not flatly prohibited—though they must be communicated to the probation officer.  Mr. Abair's motion as to Condition 6 is denied.

---

[1] Mr. Abair includes Condition 5—which requires him to be truthful with his probation officer—in his list of conditions he is challenging, but he identifies no basis for a challenge or any argument.  *See* dkt. 32 at 1.

4

**Condition 8: You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.**

Condition 8 is also a standard condition of supervised release. USSG § 5D1.3(b)(2)(J). Mr. Abair argues that Condition 8 infringes on his Second Amendment rights. Dkt. 32 at 4. However, "the right secured by the Second Amendment is not unlimited" and a restriction that fits within the "historical tradition of firearm regulation . . . is lawful under the Second Amendment." *United States v. Rahimi*, 602 U.S. 680, 690 (2024). Restricting access to dangerous weapons for those who the court has deemed "to pose a credible threat to the physical safety of others" is within our nation's history and tradition. *Id.* at 700; *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (recognizing "longstanding prohibitions on the possession of firearms by felons"); *see also* 18 U.S.C. § 922(g). Condition 8 is necessary to protect the public. Dkt. 36 at 4, 8; 18 U.S.C. § 3553(a)(2)(C). Mr. Abair's motion as to Condition 8 is denied.[2]

**Condition 12: As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.**

---

[2] Mr. Abair includes Condition 10—which requires him to maintain lawful full-time employment—in his list of conditions he is challenging, but he identifies no basis for a challenge or any argument. *See* dkt. 32 at 1.

Condition 12 is based on a standard condition of supervised release. USSG § 5D1.3(b)(2)(L).  Mr. Abair argues that Condition 12 is improper because it does not give him fair notice of who is considered a "third party," so it is vague and overbroad.  Dkt. 32 at 5.

"A condition of supervised release is unconstitutionally vague if it would not afford a person of reasonable intelligence with sufficient notice as to the conduct prohibited."  *United States v. Armour*, 804 F.3d 859, 868 (7th Cir. 2015).  The Seventh Circuit has indicated that supervised release conditions should define which third parties must be notified.  *See United States v. Canfield*, 893 F.3d 491, 495 (7th Cir. 2018); *United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015).  Condition 12 is therefore amended to add the additional language:

> "Third party who may be impacted" means both (1) any individual who has regular and frequent contact with the defendant and has care, custody, or control over a minor, such the defendant may have contact with the minor and (2) any entity where minors frequent, such as the defendant's employment or volunteer activities.

Otherwise, Condition 12 is appropriate to protect the public and deter criminal conduct.  Dkt. 36 at 3; 18 U.S.C. § 3553(a)(1).

**Condition 13: You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.**

Condition 13 is a standard condition of supervised release.  USSG § 5D1.3(b)(2)(M).  Mr. Abair alleges that Condition 13 is vague, encourages arbitrary enforcement, and improperly delegates authority to the probation

officer.  Dkt. 32 at 6.  But Condition 13 concerns instructions "necessary to ensure compliance" with the enumerated conditions of supervision, so this condition in conjunction with the others informs Mr. Abair what is required of him.  *See United States v. Johnson*, 911 F.3d 849, 854 (7th Cir. 2018); *cf. United States v. Hill*, 818 F.3d 342, 344 (7th Cir. 2016).  Mr. Abair's motion as to Condition 13 is denied.[3]

**Condition 15: All employment shall be approved in advance by the probation officer.**

Mr. Abair contends that Condition 15 is an unconstitutional occupational restriction.  Dkt. 32 at 8.  Occupational restrictions, however, are authorized by statute and in the Sentencing Guidelines.  18 U.S.C. § 3563(b)(5) (incorporated by 18 U.S.C. 3583(d)); USSG § 5D1.3(b)(3)(N).  The restriction must "bear a reasonably direct relationship to the conduct relevant to the offense of conviction."  *United States v. Farmer*, 755 F.3d 849, 856 (7th Cir. 2014).  This condition is appropriate because many jobs involve contact with minors, and Mr. Abair's probation officer must know where he is employed to "monitor him in the community" and "hold him accountable" by restricting his access to minors.  Dkt. 24 at 6.  Condition 15 therefore protects the public and

---

[3] Mr. Abair includes Condition 14—which requires him to pay, to the extent he is able, for psychosexual treatment, polygraph examinations, and computer monitoring—in his list of conditions he is challenging, but he identifies no basis for a challenge or any argument for the payment provision.  Dkt. 32 at 1.  Mr. Abair only argues against the activities, which are not imposed by Condition 14.  The Court addresses these activities in its discussion of Condition 22.

7

deters future criminal conduct.  18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C).  Mr. Abair's motion as to Condition 15 is denied.

**Condition 16: You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.**

Mr. Abair challenges Condition 16, alleging that it violates his rights to intimate association.  Dkt. 32 at 9–11, 14.  However, Condition 16 allows Mr. Abair to request approval for events like the family holiday gatherings he argues that he should not be required to miss.  *See* dkt. 32 at 10; *see Douglas*, 806 F.3d at 986–87.  Given the nature of his offense, Condition 16 is proper to protect the public and deter criminal conduct.  18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C).  Mr. Abair's motion as to Condition 16 is denied.

**Condition 17: You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.**

8

Mr. Abair first argues that Condition 17 is vague because it "does not identify the parties that the condition would violate," and because "unsupervised" and "intentional communications" are vague terms. Dkt. 32 at 12. Again, "a condition of supervised release is unconstitutionally vague if it would not afford a person of reasonable intelligence with sufficient notice as to the conduct prohibited." *Armour*, 804 F.3d at 868. The terms "unsupervised" and "intentional" each "has a generally understood meaning," so this condition is not unconstitutionally vague. *Id.*

Mr. Abair next argues that Condition 17 is an impermissible occupational restriction and infringes on his rights to intimate association. Dkt. 32 at 12–13, 15. As explained above with Condition 15, occupational restrictions are permitted and Condition 17 similarly protects the public and deters future criminal conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C). Moreover, Condition 17 allows Mr. Abair to participate in the activities listed in the condition if he obtains Court approval. *See Douglas*, 806 F.3d at 986–87. Mr. Abair's motion as to Condition 17 is denied.

**Condition 18: You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such**

9

**programs/services so long as the activity has been disclosed as described above.**

Mr. Abair contends that Condition 18 is unconstitutional because it violates his First Amendment rights and improperly delegates judicial functions to his probation officer. Dkt. 32 at 16. This condition, however, states that it is not intended to prevent Mr. Abair from attending religious services with appropriate disclosure and approval. *See Douglas*, 806 F.3d at 896–87. It also does not delegate any judicial authority to the probation officer because any exception is considered by the Court, not the probation officer. *See United States v. Isbell*, 148 F.4th 557, 563 (7th Cir. 2025) ("[A] provision that imposes treatment 'as deemed necessary by probation' violates the non-delegation rule because it lets probation decide whether the condition will be imposed at all."). Last, Condition 18 is appropriate to protect the public and provide correctional treatment in the most effective manner. Dkt. 24 at 6; 18 U.S.C. § 3553(a)(2)(B), (D). Mr. Abair's motion as to Condition 18 is denied.

**Condition 19: You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.**

Mr. Abair argues that Condition 19 unconstitutionally violates his intimate association rights and ability to visit his family. Dkt. 32 at 17. But Condition 19 instead prohibits Mr. Abair only from going somewhere for the primary purpose of *observing or contacting minors*. This condition is appropriate to protect the public and deter criminal conduct. *See United States*

*v. Jones*, 798 F.3d 613, 621 (7th Cir. 2015); 18 U.S.C. § 3553(a)(2)(B), (C).  Mr. Abair's motion as to Condition 19 is denied.

**Condition 20: You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.**

Mr. Abair argues that Condition 20 is overly intrusive.  Dkt. 32 at 18.[4] The Supreme Court has expressly authorized this type of supervised release condition.  *United States v. Knights*, 534 U.S. 112, 119–22 (2001) ("Probationers do not enjoy the absolute liberty to which every citizen is entitled . . . . [T]he warrantless search of [defendant], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment.").  And the Sentencing Commission has authorized this condition for those convicted of sex offenses.  USSG §

---

[4] Mr. Abair also alleges that Condition 20 is an occupational restriction but does not advance any argument to support this assertion.

11

5D1.3(b)(3)(G)(iii). Moreover, Condition 20 is tailored by requiring the probation officer to have reasonable suspicion that Mr. Abair is violating a condition of his probation or engaging in another type of unlawful conduct. Mr. Abair's motion as to Condition 20 is denied.

**Condition 21: You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.**

Mr. Abair challenges the "nude minors" portion of Condition 21 as vague and overbroad, worrying that he will be penalized for possessing his own childhood bathtub photographs, religious depictions of cherubs, or medical textbooks. Dkt. 31 at 19. The Seventh Circuit has held that some restrictions on sexual material protected by the First Amendment is overbroad when they are too "all-encompassing" to reasonably achieve the goals of supervised release. *E.g. United States v. Adkins*, 743 F.3d 176, 194–96 (7th Cir. 2014). The Seventh Circuit has therefore encouraged district courts to ensure that such conditions are "not broader than reasonably necessary to achieve" the relevant goals of § 3553(a) and to "narrow[ ] the scope of proscribed conduct" accordingly. *Id.* at 196.

Under this guidance, Condition 21 is amended to read:

> You shall not possess any child pornography or visual depictions of child erotica, or knowingly or intentionally possess visual depictions of nude minors for the purpose of sexual stimulation or gratification. Any such material found in your possession shall be considered

12

>contraband and will be confiscated by the probation officer.

*See United States v. Bordman*, 895 F.3d 1048, 1060 (8th Cir. 2018) (explaining that while blanket prohibitions on possessing nudity are overbroad, "[t]his court has held that when a defendant is convicted of an offense related to child pornography, a ban on the possession of pornography is appropriate tailored to serve the dual purposes of promoting the defendant's rehabilitation and protecting children from exploitation"); *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013) ("Because Ellis's crime was sexual in nature, it was reasonable for the district court to restrict Ellis's access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation.");

As modified, Condition 21 is appropriate to help Mr. Abair in his recovery, avoid relapse, and protect children. *See* dkt. 24 at 6; 18 U.S.C. § 3553(a)(2)(B)–(D).

**Condition 22: You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.**

Condition 22 follows the Sentencing Guidelines. USSG § 5D1.3(b)(3)(G)(i); 18 U.S.C. § 3553(a)(5). In seeking a modification of Condition 22, Mr. Abair challenges only the polygraph examinations. Dkt. 32 at 20. He contends that submitting to polygraph examinations would force him to

13

incriminate himself in violation of his Fifth Amendment rights. *Id.* However, Condition 22 does not require Mr. Abair to waive these privileges. *See Kappes*, 782 F.3d at 850 (explaining that such a condition "does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination"); *see also United States v. Brewster*, 627 F. App'x 567, 571 (7th Cir. 2015). Mr. Abair's motion as to Condition 22 is denied.

**Condition 23: You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.**

Condition 23 follows the Sentencing Guidelines. USSG § 5D1.3(b)(3)(G)(ii); 18 U.S.C. § 3553(a)(5). Mr. Abair argues that Condition 23 is vague and violates his First Amendment rights. Condition 23 is meant to help Mr. Abair's probation officer monitor his conduct, aid in his recovery, prevent a relapse, and hold him accountable by making sure he is not again accessing— or attempting to access—child pornography. Dkt. 24 at 6; 18 U.S.C. § 3553(a)(2)(B)–(D).

14

Moreover, internet monitoring is not a complete ban on Mr. Abair's computer or Internet use. *Cf. United States v. Scott*, 316 F.3d 733, 737 (7th Cir. 2003) (vacating a sweeping no-internet condition); *Packingham v. North Carolina*, 582 U.S. 98, 107 (striking a state law prohibiting sex offenders from using social media because it restricted their access to lawful, useful information). Mr. Abair's motion as to Condition 23 is denied.

*        *        *

After consideration of the applicable 18 U.S.C. § 3553(a) factors, the Court modifies Conditions 12 and 21 as explained above, and Mr. Abair's motion is otherwise **DENIED**. Dkt. [32]. An amended judgment will issue by separate entry. His motion to stay his probation for thirty days is **DENIED**. Dkt. [31].

**SO ORDERED.**

Date: 3/2/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Devere Abair
611 N. Capitol St.
Indianapolis, IN 46204

Electronic Notice to USPO