UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
        v.                     )      Cause No. 1:24-CR-00035-JPH-TAB
                               )
DEVERE L. ABAIR,               )                        - 01
                               )
                Defendant.     )

**REPORT AND RECOMMENDATION**

On May 11, 2026 and May 19, 2026, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on April 29, 2026 (the "Petition"), [Dkt. 40], and the Supplemental Petition for Warrant and Summons for Offender Under Supervision filed on May 6, 2026 (the "Supplemental Petition"), [Dkt. 45]. Defendant Abair appeared in person with his appointed FCD counsel William Dazey. The government appeared by Adam Eakman, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Megan Durbin.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Abair of his rights and provided him with a copy of the Petition and the Supplemental Petition. Defendant Abair orally waived his right to a preliminary hearing.

2.      The Court found Defendant Abair guilty of Violation Nos. 1, 2, and 3 as set forth in the Petition and the Supplemental Petition. [Dkts. 40 & 45.]

3. The allegations to which Defendant was found guilty, as fully set forth in the

Petition and the Supplemental Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment."** |
| | On April 23, 2026, Mr. Abair was found to be in possession of two internet-capable phones. Neither phone had been reported to the probation officer; and therefore, neither device was monitored. |
| 2 | **"You shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense."** |
| | On April 23, 2026, it was determined Mr. Abair had been using an email address that was unreported to the Sex Offender Registry as required by Indiana law. This email can be traced back to December 2025. |
| 3 | **"You shall not possess any child pornography or visual depictions of child erotica, or knowingly or intentionally possess visual depictions of nude minors for the purpose of sexual stimulation or gratification. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer."** |
| | During a detailed review of the unmonitored and unapproved devices located on April 23, 2026, there was a downloaded photo to Mr. Abair's Google files that appears to be child erotica/pornography. The female in the image is entirely nude, with her genitalia exposed, and there is no artistic value to the photo. |

4.      The Court finds that:

    (a)      The highest grade of violation is a Grade B violation.

    (b)      Defendant's criminal history category is II.

    (c)      The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5.      The government recommended a sentence of 2 years incarceration, with 10 years of supervised release to follow.  Defendant's counsel argued for a sentence of 12 months and 1 day, with 7 or 8 years of supervised release to follow.

The Magistrate Judge, having considered the relevant factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition and the Supplemental Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of 12 months incarceration, with 9 years of supervised release to follow.

In addition to the mandatory conditions of supervision, the following conditions of supervised release should be imposed upon the re-imposition of supervised release:

1.      You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2.      You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3.      You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4.      You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.

5.     You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6.     You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7.     You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8.     You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9.     You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10.    You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11.    You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12.    As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. "Third party who may be impacted" means both (1) any individual who has regular and frequent contact with the defendant and has care, custody, or control over a minor, such the defendant may have contact with the minor and (2) any entity where minors frequent, such as the defendant's employment or volunteer activities.

13.    You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

       Justification: Conditions 1 - 13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14.    You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: psychosexual treatment, polygraph testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

Justification: This condition will ensure the offender is invested in his treatment and success with supervision.

15.     All employment shall be approved in advance by the probation officer.

16.     You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

17.     You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

18.     You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

19.     You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

20.     You shall not possess any child pornography or visual depictions of child erotica, or knowingly or intentionally possess visual depictions of nude minors for the purpose of sexual stimulation or gratification. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21.     You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

22.     You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of

the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

Justification: Conditions 15 - 22 are necessary to protect the community given the nature of the instant offense, as well as the offender's lack of impulse control while on supervision.

23.    You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Given the offender's conviction for possession of child pornography, as well as his impulse control issues while on supervised release, this condition is necessary to hold him accountable for his actions, as well as to provide a protective measure to the community.

Defendant Abair reviewed the above noted conditions with his counsel. Defendant, on the record, waived reading of the above noted conditions of supervised release.

Defendant Abair was taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  22 MAY 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system