UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,   )
             )
     Plaintiff,    )
             )
     v.      )  No. 1:24-cr-00035-JPH-TAB
             )
DEVERE L. ABAIR,     ) -01
             )
     Defendant.   )

## ORDER

Defendant Devere L. Abair filed a motion for appointment of counsel. Dkt. 33. Additionally, Mr. Abair filed a motion for return of property. Dkt. 30. The Court will address each below.

### I. Motion for Counsel

Mr. Abair filed a motion for appointment of counsel, requesting that: "the Court please grant [him] coun[sel] for a coram nobis, stay on probation, and return of property."

At this time the motion for counsel, dkt. [33], is **denied.**

There is no statutory authority entitling a defendant to counsel when pursuing a collateral attack on a motion to vacate, set aside, or correct a sentence. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, any request for the appointment of the federal public defender's office is **denied**.

1

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court declines to do so. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Abair has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978.

As to the second question, the Court finds that Mr. Abair's current motion for counsel reflects that he is competent to set forth the facts and law in support of his potential petition for writ of error coram nobis without legal assistance. *See* dkt. 33. For these reasons, Mr. Abair has not shown that pro

2

bono counsel should be recruited, and any request for assistance with recruiting counsel must therefore be **denied**.

## II.      Motion for Return of Property

Mr. Abair filed a motion for "the return of property held by probation." Dkt. 30 at 1. However, Mr. Abair did not specify what property he seeks to have returned. For this reason, his motion for return of property, dkt. [30], must be **denied** as presented without prejudice. If Mr. Abair wishes to renew his motion, he must identify the property that was taken and describe the circumstances under which it was taken.

**SO ORDERED.**

Date: 6/17/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Devere L. Abair
Knox County Jail
2375 S. Old Decker Rd.
Vincennes, IN 47591

All Electronically Registered Counsel

3